UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALLEON S. BRAZIL #627439,

      Plaintiff,

v.                                        Hon. Robert J. Jonker

NATHANIEL KRAUS, et al.,                       Case No. 1:26-cv-1589

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **dismiss** Plaintiff's federal claims against Defendants McKeon and Mackereth on grounds of immunity, **dismiss** Plaintiff's federal claims against Defendant Kraus for failure to state a claim upon which relief may be granted, and **dismiss** Plaintiff's state-law claims **without prejudice** pursuant to 28 U.S.C. § 1367.

## I. Background

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility. The event underlying Plaintiff's claims occurred while Plaintiff was incarcerated at a different MDOC facility. Plaintiff sues Michigan State Police Trooper Nathaniel Kraus and assistant Jackson County prosecutors Meaghen McKeon and Smantha Mackereth in their individual capacities. (ECF No. 1 at PageID.1.)

Plaintiff has been charged in the 4th Circuit Court for Jackson County, Michigan, with the murder of prisoner DeAndre Jackson on June 11, 2021, at the G. Robert Cotton Correctional Facility near Jackson, Michigan, in violation of Mich. Comp. Laws § 750.316. (*Id.* at PageID.2.) Plaintiff alleges that on October 13, 2023, Defendant McKeon charged him with open murder after the Jackson County Prosecuting Attorney's Office declined to authorize criminal charges against him due to insufficient evidence to prove the case beyond a reasonable doubt. (*Id.*) The case was turned over to Defendant Mackereth on September 9, 2023. Although Plaintiff admits that he killed Jackson, he claims he was acting in self-defense. (*Id.*)

Plaintiff alleges that on October 3, 2025, prisoner Shawn Highshaw signed an affidavit stating that Plaintiff was acting in self-defense when he murdered Jackson. Prisoner Highshaw claimed that MDOC staff had sent him and Jackson to attack Plaintiff due to his bragging about an alleged escape. (*Id.*; ECF No. 1-2.) Plaintiff alleges that Defendant Kraus noted this affidavit in his October 6, 2025 Supplemental Incident Report.[1] (ECF No. 1 at PageID.2.)

Plaintiff alleges that during an interview on October 6, 2025, Prisoner Highshaw told Defendant Kraus that he wrote the affidavit, and Defendant Kraus confirmed that the affidavit was

---

[1] Plaintiff alleges in his complaint that the Supplemental Incident Report was dated October 6, 2025, but the report is dated October 3, 2025. (ECF No. 1 at PageID.2; ECF No. 1-2.)

valid. (*Id.*) Defendant Kraus forwarded this information to Defendant Mackereth, who in turn forwarded it to Defendant McKeon. In addition, Defendant Kraus sent Defendant Mackereth an affidavit from Prisoner Angelo Allen, Plaintiff's "bunky," who stated that Plaintiff had in fact "saved his life." (*Id.*; ECF No. 1-5.)

Plaintiff alleges Defendant Kraus also interviewed private investigator Scott Lewis on October 6, 2025, who told Defendant Kraus that he had drafted an affidavit for Prisoner Allen but did not draft Prisoner Highshaw's affidavit. (ECF No. 1 at PageID.2.) Plaintiff alleges that this information sufficed to alert Defendants that Plaintiff acted in self-defense and that they lacked sufficient evidence to charge Plaintiff with murder. (*Id.*)

Plaintiff alleges that on April 29, 2026, he received a 12-month continuous MDOC custody hold due to the pending criminal charge. The document stated that Plaintiff would be called to the Parole Board after his criminal case concluded.[2] (*Id.* at PageID2–3.)

For relief, Plaintiff requests a declaratory judgment and compensatory and punitive damages against all Defendants. (*Id.* at PageID.5.)

## II.  Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

---

[2] According to the MDOC's Offender Tracking Information System, Plaintiff's earliest release date is July 8, 2026. *See* https://mdocweb.state.mi.us/OTIS2/Profile (last visited May 21, 2026).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

4

### III.  Discussion

Plaintiff alleges that Defendants' failure to dismiss the murder charge and their continuation of the case against him after they were informed that the Jackson County Prosecuting Attorney's Office declined to authorize criminal charges due to insufficient evidence to prove the case beyond a reasonable doubt constitutes malicious prosecution and violated his rights to due process and equal protection.[3] Plaintiff also alleges state-law false imprisonment and abuse of process claims.

#### A.      Federal-Law Claims

##### 1.      Prosecutorial Immunity

Prosecutors McKeon and Mackereth are entitled to absolute immunity for their actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Watkins v. Healy*, 986 F.3d 648, 661 (6th Cir. 2021); *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 43 (1976); *Lomaz*, 151 F.3d at 497. Acts that occur

---

[3] To the extent Plaintiff alleges a false imprisonment claim under Section 1983, it arises under the Fourth Amendment. *Gorcaj v. Medulla*, 51 F. App'x 158, 159 (6th Cir. 2002). Plaintiff has no claim under the Fourth Amendment because he was incarcerated under a valid conviction at the time of the murder. Moreover, his earliest release date is more than a month away. Thus, the decision to charge Plaintiff could not have resulted in false imprisonment.

in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Watkins*, 986 F.3d at 660–61; *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to her role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Plaintiff's allegations against Defendants McKeon and Mackereth all focus on a prosecutor's role as an advocate, that is, initiating a criminal prosecution. Therefore, McKeon and Mackereth are entitled to immunity from Plaintiff's damages claims.

### 2. Equal Protection

Plaintiff mentions the words "equal protection" in his complaint, but he does not explain how initiating the murder charge against him violated the Equal Protection Clause. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as

compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'").

Plaintiff's factual allegations do not implicate his equal protection rights. An "equal protection" plaintiff must be treated differently than similarly situated comparators. Those comparators must be similarly situated "in all relevant respects . . . ." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011); *see also Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) ("'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'"); *Tree of Life Christian Schools v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018) ("A plaintiff bringing an equal protection claim must be 'similarly situated' to a comparator in 'all relevant respects.'"). Plaintiff alleges he should not be prosecuted for Jackson's murder, not that he is treated differently than anyone else that engaged in the same or substantially similar conduct. Accordingly, he has failed to state a claim for violation of his equal protection rights.

### 3.    Due Process

The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). As with his equal protection claim, Plaintiff's due process claim is nothing more than a conclusory allegation of unconstitutional conduct. Plaintiff does not allege that any Defendant deprived him of an interest protected under the Fourteenth Amendment.

To the extent Plaintiff asserts that the criminal charge has deprived him of a liberty interest in parole, his claim lacks merit. The United States Supreme Court has definitively held that there is no right under the United States Constitution for a lawfully convicted person to be conditionally

released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal &*

*Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't of Corr. v. Thompson*, 490 U.S.

454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *Gavin v. Wells*,

914 F.2d 97, 98 (6th Cir. 1990).

Moreover, the Michigan courts have held that a liberty interest in parole does not arise

under Michigan law. *See Hurst v. Department of Corr. Parole Bd.*, 119 Mich. App. 25, 29 (1982)

(ruling that state law "creates only a hope of early release," rather than a right to release); *see also*

*Glover v. Michigan Parole Bd.*, 460 Mich. 511, 520–521 (1999). The United States Court of

Appeals for the Sixth Circuit has consistently ruled that Michigan's statutory parole scheme does

not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-1165 (6th Cir.

1994) (en banc); *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011); *Foster v. Booker*, 595 F.3d

353, 368 (6th Cir. 2010); *see also Hill v. Snyder*, 878 F.3d 193, 202 (6th Cir. 2017) (stating that

the Michigan parole statutes "endow the [Parole] Board with discretion to deny parole to those

who are eligible"). Thus, Plaintiff fails to state a due process claim.

### 4.    Malicious Prosecution

Although Defendants McKeon and Mackereth enjoy immunity from Plaintiff's claim for

malicious prosecution, Defendant Kraus does not. In *Sykes v. Anderson*, 625 F.3d 294 (6th Cir.

2010), the Sixth Circuit recognized the existence of a claim of malicious prosecution arising under

the Fourth Amendment, which is cognizable under Section 1983. *Id.* at 308 (citing *Wallace v.*

*Kato*, 549 U.S. 384, 390 n.2 (2007)) (assuming, without deciding, that such a claim existed). The

*Sykes* court held that to succeed on a Fourth Amendment malicious prosecution claim, a plaintiff

must show that: (1) a prosecution was initiated against the plaintiff and that the defendant

participated in the decision; (2) there was a lack of probable cause for the criminal prosecution;

(3) the plaintiff suffered a deprivation of liberty as a consequence of the legal proceedings; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Id.* at 308–09; *see also Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Sykes*, 625 F.3d at 308–09); *Gregory v. City of Louisville*, 444 F.3d 725, 727 (6th Cir. 2006).

Plaintiff's claim fails as to all elements. First, Plaintiff alleges no fact suggesting that Defendant Kraus was involved in the initiation of the prosecution against him. Plaintiff's allegations show only that Defendants McKeon and Mackereth—who are assistant prosecutors with the Jackson County Prosecutor's Office—initiated the prosecution even though their own office declined to do so. Plaintiff's allegations as to Kraus indicate only that he was involved in investigating the case during 2025, after it was initiated. Second, Plaintiff admits to murdering Jackson and alleges no fact indicating that the prosecution was initiated without probable cause. His assertion of a self-defense or defense-of-others defense does not vitiate probable cause. Moreover, the Sixth Circuit has concluded that the state court's determination of probable cause after a plaintiff's "full and fair opportunity to litigate [the] issue" collaterally estopped the plaintiff from challenging the existence of probable cause in a subsequent § 1983 action. *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869, 874 (6th Cir. 2001); *see also Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir. 1998) (citing *Coogan*); *Autrey v. Stair*, 512 F. App'x 572, 581–83 (6th Cir. 2013 ) (citing *Coogan*); *Flowers v. City of Detroit*, 306 F. App'x 984, 988 (6th Cir. 2009) (citing *Coogan*). Here, Plaintiff contested the issue of probable cause at his preliminary examination and was bound over to circuit court upon a finding of probable cause.[4]  Third, Plaintiff was incarcerated at the time the

---

[4] *See* https://micourt.courts.michigan.gov/case-search/court/C04/case-details?caseId=2023-0000005009-FC&tenantKey=C04-38-0629165-00-00&searchUrl=%2Fcourt%2FC04%2Fsearch%3FlastName%3DBrazil%26firstName%3DTalleo

9

charges were initiated and remains so even today under a valid, pre-existing conviction. The proceeding thus could not have resulted in a deprivation of liberty. Finally, Plaintiff cannot establish the fourth element because his criminal proceeding has not been resolved in his favor. That resolution is not final because Plaintiff's criminal proceedings are ongoing, with a jury trial presently set for July 13, 2026. Accordingly, Plaintiff's malicious prosecution claim against Defendant Kraus is properly dismissed for failure to state a claim.[5]

### B.    State-Law Claims

To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over his state-law claims, I recommend that the Court decline to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction, and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison*

---

n%26page%3D1 (circuit court, last visited May 24, 2026);
https://micourt.courts.michigan.gov/case-search/court/D12/case-details?caseId=2023-2305009FY-FY-01&tenantKey=D12-38-0629165-00-00&searchUrl=%2Fcourt%2FD12%2Fsearch%3FlastName%3DBrazil%26firstName%3DTalleon%26caseStatus%3Dclosed%26page%3D1 (district court, last visited May 24, 2026).

[5] Given the failure of Plaintiff's malicious prosecution claim on a number of levels, there is no need to consider abstention under *Younger v. Harris*, 401 U.S. 37, 44–55 (1971).

*Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.") (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, I recommend that Plaintiff's state-law claims be dismissed without prejudice.

## IV.  Conclusion

Having conducted the review required by the PLRA, I recommend that the Court dismiss Plaintiff's federal claims against Defendants McKeon and Mackereth on grounds of immunity, dismiss Plaintiff's federal claims against Defendant Kraus for failure to state a claim upon which relief may be granted, and dismiss Plaintiff's state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that I recommend dismissal of this action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See McGore*, 114 F.3d at 610–11.

Date:  May 26, 2026                                    /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

11

objections within the specified time waives the right to appeal the District Court's order. *See*

*Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).