UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALLEON S. BRAZIL,

       Plaintiff,

                                     CASE No. 1:26-CV-1589

v.

                                 HON. ROBERT J. JONKER

NATHANIEL KRAUS,

       Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Berens' Report and Recommendation (ECF No. 7) and Plaintiff's Objection to the Report and Recommendation (ECF No. 8). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections.    After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

Plaintiff is presently incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility.    The events he complaints about, however, took place while he was incarcerated at the G. Robert Cotton Correctional Facility near Jackson, Michigan.    As Plaintiff tells it, on June 11, 2021, Jackson and another inmate–Shawn Highshaw–were sent to injure or kill Plaintiff by unnamed MDOC corrections officers who were upset with Plaintiff.[1] Jackson and Highshaw attacked subsequently Plaintiff and his cellmate.    By his own admission, Plaintiff says he killed Jackson during the assault.    Plaintiff says he did so in self-defense.

On September 26, 2023, the Jackson County prosecuting attorney's office declined to authorize charges against Plaintiff based on insufficient evidence.    As is implicit in Plaintiff's materials, the investigation continued into October, but Plaintiff says that during the investigation Defendant Kraus received two pieces of information that only bolstered the lack of evidence. In particular, Plaintiff contends that Defendant Kraus received an affidavit from Mr. Highshaw and Plaintiff's cellmate both of which confirmed Plaintiff had acted in self-defense. It appears that Defendant Kraus subsequently learned the affidavit of the cellmate may have been prepared by a third party for the cellmate, but the third party denied preparing Mr. Highshaw's affidavit and Mr. Highshaw also told the investigator that he had prepared his affidavit himself.    According to Plaintiff, at the end of the investigation Defendant McKeon, a prosecuting attorney, charged him

---

[1] Plaintiff does not name any MDOC officials as defendants in this case or otherwise bring claims relating to the Juen 11, 2021 events.    This case, rather, is solely about the subsequent investigation and charging decisions.

with open murder and the case was turned over to Defendant Mackereth, another prosecuting attorney.    The criminal case remains open.

The Magistrate Judge recommends the Court dismiss Plaintiff's federal claims against Defendants McKeon and Mackereth on grounds of prosecutorial immunity; that the Court further dismiss Plaintiff's federal claims against Defendant Kraus for failure to state a claim upon which relief may be granted; and finally that the Court decline the exercise of supplemental jurisdiction over the state law claims and dismiss those claims without prejudice.    Plaintiff's objections fail to deal in a meaningful way with the Magistrate Judge's analysis.    The Magistrate Judge carefully and thoroughly considered the record and the governing law.    The Magistrate Judge properly analyzed the law.    Nothing in Plaintiff's Objections changes the fundamental analysis. In the main, Plaintiff appears to insist that he has done enough to go forward on core claim that his prosecution lacks probable cause.    But as the Magistrate Judge pointed out, Plaintiff contested the issue of probable cause at the preliminary examination and was bound over to circuit court based upon a finding of probable cause. The Magistrate Judge thus concluded that Plaintiff was foreclosed from challenging the issue of probable cause here; and Plaintiff does not address this point in his objections. Moreover, as the Magistrate Judge also found, Plaintiff admitted to killing Mr. Jackson, and his contentions regarding self-defense did not suffice to plausibly allege the absence of probable cause.    As a general matter, "[e]ven if the circumstances suggest that a suspect may have an affirmative defense, if a reasonable officer would not 'conclusively know' that the suspect is protected by the defense, then he is free to arrest the suspect provided there is probable cause to do so." *Fridley v. Horrighs*, 291 F.3d 867, 873 (6th Cir. 2002).    Here, Plaintiff has not alleged facts that any defendant "conclusively" knew that Plaintiff was protected by the

defense.    At best, Plaintiff has alleged that Defendants knew that he might argue self-defense after he admitted to killing Mr. Jackson.

For all these reasons, the Court agrees with the Magistrate Judge's recommended disposition for the very reasons articulated by the Magistrate Judge.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 7) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2).

The Court discerns no good-faith basis for appeal of this matter.    *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **CLOSED.**


Dated:    June 17, 2026          /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE

4